**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RWS INFORMATION, INCORPORATED,
Plaintiff-Appellant,

v.

ARBITER GROUP, PLC,
Defendant-Appellee,                                          No. 96-1146

and

IVOR ARBITER; GILL, JENNINGS &
EVERY,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1439-A)

Argued: January 30, 1997

Decided: March 6, 1997

Before RUSSELL and WILKINS, Circuit Judges, and HERLONG,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Timothy J. Battle, Alexandria, Virginia, for Appellant.
Jacob Inwald, SOLOMON & MOSKOWITZ, P.C., New York, New

York, for Appellee. **ON BRIEF:** Richard M. Zuckerman, SOLO-MON & MOSKOWITZ, P.C., New York, New York; Ky E. Booth Kirby, SWIDLER & BERLIN, CHTD., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

RWS Information, Inc., appeals the district court's order dismissing its case against Arbiter Group, Plc., for lack of personal jurisdiction. We affirm.

I.

Arbiter Group is a British firm that developed a jukebox that plays compact discs. Arbiter Group was considering marketing the jukebox in the United States and consulted its patent counsel, Gill, Jennings & Every ("GJE"), to determine whether a certain patent was in force. GJE hired RWS, a patent research firm, and RWS told GJE that the patent was in force when, in fact, it allegedly had expired. Believing the patent to be in force, Arbiter Group decided not to market the jukebox in the United States.

On August 25, 1993, Arbiter Group filed suit against RWS and GJE in the Eastern District of Virginia. Arbiter Group sued for breach of contract and alleged $10.5 million in damages from lost profits it would have made had it marketed the jukebox in the United States. RWS filed a third-party indemnification claim against GJE. The district court dismissed Arbiter Group's complaint in December, 1993, as barred by Virginia's statute of limitations and because of a lack of privity between RWS and Arbiter Group. The court dismissed RWS's

2

indemnification claim against GJE as moot. No appeal was taken, and the judgment became final on January 29, 1994.

Arbiter Group filed a second lawsuit against RWS in the United Kingdom. The factual basis was the same, but Arbiter Group's cause of action was based on negligence rather than breach of contract. This case is still pending.

On October 13, 1995, RWS filed the instant case against Arbiter Group and GJE in the Eastern District of Virginia seeking a declaratory judgment that the district court's final ruling in the original case was conclusive and binding on proceedings in the United Kingdom. RWS also alleged a cause of action for malicious prosecution. The district court dismissed the action against GJE for failure to state a claim. It dismissed the action against Arbiter Group and Ivor Arbiter for want of personal jurisdiction. RWS only appeals the judge's order dismissing Arbiter Group for lack of personal jurisdiction.

II.

We review de novo the district court's order dismissing RWS's claim. Becerra v. Dalton, 94 F.3d 145, 148 (4th Cir. 1996), petition for cert. filed, (U.S. Nov. 22, 1996) (No. 96-6822).

The requirement of personal jurisdiction is a "legal right protecting the individual" that flows from the Due Process Clause. Insurance Corp. of Ireland, Ltd., v. Compagnie Des Bauxites De Guinne, 456 U.S. 694, 702-04 (1982). Accordingly, it is subject to waiver and estoppel. Id. RWS argues that by commencing the original August, 1993 action in the Eastern District of Virginia, Arbiter Group waived its personal jurisdiction defense to all future related actions. To support this proposition, RWS cites Mobile Oil Co. de Venezuela v. Jiminez, No. 91-2012, 1991 WL 237794 (4th Cir. Nov. 15, 1991) (unpublished opinion). In Mobile, the court determined that a defendant waived his personal jurisdiction defense by making a general appearance in state court prior to removal. Id. Arbiter Group never made such an appearance. The only previous appearance by Arbiter Group was in a different case that was concluded almost two years prior to the instant action. No authority supports RWS's assertion that a court can indefinitely retain personal jurisdiction over a corporation

3

because it once commenced a related action in that court. Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>

4